

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor
Harris County
Houston, T e x a s

Dear Sir:

Opinion No. O-3122
Re: Fees of County Surveyor.

This will acknowledge receipt of your letter of February 4, 1941, and the letter of Mr. A. C. Stimson, County Surveyor of Harris County, dated January 27, 1941, requesting the opinion of this department upon the following questions:

"First, is the Surveyor or the County authorized to charge any fee in connection with photographing or photostating the records of the County Surveyor in whole or in part, particularly when it is necessary for the Surveyor to search out the desired record and when his time is required to attend the process?

"Second, can interested parties desiring to photostat the surveyor's records require him to produce them at a point where they may be photostated?

"Third, what in your judgment is the meaning of the fifth item under Article 3944: 'Examination of papers and records in his office at the request of any person, $ .25?' Does this mean that the Surveyor is to receive twenty-five cents for each examination of each paper or record, or that he may charge twenty-five cents to the person examining the papers and records? Could the next succeeding fee of twenty cents for each 100 words for making copies of all field notes authorize

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

a charge under the photostatic process under
the circumstances above named?"

Article 3944 of Vernon's Annotated Civil Statutes
(Acts 1876, Ch. 164, pp 284-292, § 16) provides certain fees
for county surveyors and reads in part as follows:

"County surveyors shall receive the following
fees:

"* * *

"Examination of papers and records in
his office at the request of any person.....  .25

"Copies of all field-notes and plats,
or any other papers or records in his office,
for each 100 words, including certificate...  .20."

Article 5280, Vernon's Annotated Civil Statutes
(Acts 1919, Second Called Session, Ch. 67, p. 173, § 10)
provides:

"Surveyors qualified under this law and
county surveyors may make a certificate of any
fact shown by the books, documents and records
of any county surveyor's office and may make
a certified copy of any document of record or
entry shown by record of such county surveyor,
and said certificate shall be admissible in
evidence as to what said records may disclose.
For each such certificate the surveyor may
charge a fee of one dollar, and for each one
hundred words contained in any certified copy
thirty-five cents.  When a county has a county
surveyor such surveyor alone shall be au-
thorized to make certificates and certified
copies and receive the fees therefor."

A casual comparison of Articles 3944 and 5280 in-
dicates a possible conflict as to the amount of fees a
county surveyor may receive for certified copies of the
papers and records in his office.  It would seem by the
former he is entitled to 20¢ and by the latter, 35¢ for
each 100 words in the instrument certified.

While prior to its codification as Article 5280 in 1925, there may have been some doubt as to the validity of that portion of the Act of 1919 providing fees for county surveyors (because of an insufficient title or caption), there can be no doubt as to its validity now. Legislative revisions of our laws cure prior defects in their captions. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019; Ex parte Ferguson, 112 Tex. Cr. R. 192, 15 S. W. 2d 650. Since 1925 Article 5280 must be held to have superseded that portion of Article 3944 providing a fee of twenty cents (20¢) for certified copies of documents and records in the county surveyor's office. The county surveyor is now entitled to receive thirty-five cents (35¢) for each one hundred (100) words certified of any of the books, documents and records in his office.

Your first question is whether or not this fee is applicable to photographic or photostatic copies. We hold that it is.

Of course, until comparatively recent times it has been the practice of those upon whom the duty falls to record and make certified copies of instruments to make such recordation or facsimiles either by hand or on the typewriter.

We pointed out in Opinion No. O-2241 that the transcription may be by photographic process, saying:

"Of course, where a statute authorizes the recordation of an instrument the transcription may be by the photographic process, as well as by calligraphic process. We so held in opinion No. O-637. So, also, where certified copies of records are permitted, the copies so certified may be photostatic as well as type-written or handwritten."

Therefore, in answer to your first question, it is our opinion and you are advised that the county surveyor may in fulfilling his duty to furnish certified copies of the records in his office to interested parties, if he so

desires, cause such records to be photostated and he will be entitled to charge a fee of thirty-five (35¢) cents for each 100 words in the paper or document certified.

Your second question is whether or not the county surveyor may be compelled to produce his records at a point where they may be photostated.

As we previously pointed out the county surveyor may perform his duty of furnishing certified copies of his records either by the photographic, calligraphic or type-writing process. The option clearly lies within him. Under the statutes creating his office, Articles 5283-5298, inclusive, the county surveyor is given the custody of the county surveying records, is charged with their safe-keeping and is required to give bond. While under Article 5292, Vernon's Annotated Civil Statutes, any interested person has the right to examine the records in his office, the county surveyor cannot be compelled to produce them (without order of court) at a point out-side of his office, nor can he be compelled to adopt any particular process for making copies. We so held with respect to the county clerk in Opinion No. O-637, citing Town of Bennington v. Edward A. Booth, 57 A.L.R., 156, and People ex rel. Arnkmecht v. Haas, 311 Ill. 164, 142 N.E. 549.

You are accordingly advised that the county sur-veyor may not be compelled (without order of court) to pro-duce his official records at a point removed from his office in order that they may be photostated by an inter-ested party.

Your final question is as to the meaning of the phrase contained in the fifth item of Article 3944, supra; namely, "Examination of papers and records in his office at the request of any person....... .25¢." You desire to know whether this phrase contemplates a fee of .25¢ for each examination, or, a fee of .25¢ for the examination of each paper and each record.

Honorable H. L. Washburn, Page 5

Article 5298, Vernon's Annotated Civil Statutes, reads as follows:

"Any person interested, for himself, or as agent or attorney of another, shall at all times have the right to examine the books, papers, plats, maps or other archives belonging to the office of any surveyor, on the payment of the fee fixed by law."

Of course, the "fee fixed by law" is set forth in Article 3944, namely:

"Examination of papers and records in his office at the request of any person .... ,25¢."

We have concluded that this provision of Article 3944 authorizes the county surveyor to charge .25¢ to each person for each examination he may make of the records in his office. It does not authorize a charge of .25¢ for each paper examined. This is clearly apparent when reference is made to the source of Article 3944, namely, the Act of 1876, Chapter 164, p. 292, § 16. There it was provided that the county surveyor "shall receive the following fees:

"For each examination of papers and records in his office, at the request of any person wishing to examine them, twenty-five cents; * * *"

You are accordingly advised that under Article 3944, supra, the county surveyor is entitled to a fee of .25¢ for each examination of the papers and records in his office.

Very truly yours

APPROVED FEB 21, 1941

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

BY *James D. Smullen*

James D. Smullen
Assistant

JDS:eaw

APPROVED
OPINION
COMMITTEE
BY *RWF.*
CHAIRMAN